UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

                Plaintiff,               CASE NUMBER: 11-15011
                                        HONORABLE VICTORIA A. ROBERTS

v.

MARTIN COLLINS,

                Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S
## MOTION TO REMAND

**I.**      **INTRODUCTION**

This matter is before the Court on Plaintiff Ford Motor Company's (Ford) Motion to Remand. (Doc. # 9).

The Court GRANTS Ford's motion.

**II.**      **FACTUAL BACKGROUND**

Defendant Martin Collins is a former high-level executive at Defendant Ford Motor Company (Ford) in Michigan.  Collins moved from California to Michigan in May 2011 to begin working at Ford; while there, he signed a contract containing a non-compete clause.  Collins resigned his Ford position on November 1, 2011.  On November 5, 2011, he accepted a Vice President position with Friedkin Group in Houston, Texas.  Ford claims this conduct violates Collins' duty not to compete with Ford; it filed suit on November 10, 2011.  On November 14, 2011, Collins removed to this Court based on diversity of citizenship under 28 U.S.C. § 1332.  Ford contests

1

diversity and says Collins is a citizen of Michigan, as Ford is.  Ford moves to remand the case to Wayne County Circuit Court under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## III.   LEGAL PRINCIPLES

Pursuant to § 1332(a), the two requirements for diversity jurisdiction are that (1) the matter in controversy exceeds $75,000.00, exclusive of interest and costs and (2) there is complete diversity of citizenship between the disputing parties.  28 U.S.C. § 1332.  Citizenship, for purposes of the diversity statute, is synonymous with domicile not with residence.  *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968).  A party may have several residences in different states, but has only one domicile at a particular time. 13E CHARLES ALAN WRIGHT ET. AL., FEDERAL PRACTICE & PROCEDURE § 3612 (3d ed. 2011).  "A person's domicile is the place there he has a true, fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning."  *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 49 (1st Cir. 1992) (citations and quotation marks omitted).  Domicile is determined when (1) the action is commenced and (2) the notice of removal is filed; there must be complete diversity of citizenship at both times.  *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

"To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere."  *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973); *see also Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) ("Establishment of a new domicile is determined by two

factors: residence in the new domicile, and the intention to remain there."); *Loomis*, 391 F.2d at 1009 (same). "'[C]itizenship is not necessarily lost by protracted absence from home, where the intention to return remains.'" *Loomis*, 391 F.2d at 1009-10 (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

The party invoking diversity jurisdiction must prove complete diversity by a preponderance of the evidence. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006). However, there is a widely accepted presumption favoring the continuation of an established domicile against an allegedly newly acquired one; the party trying to show a change in domicile carries a heavier burden than one attempting to show retention of an existing one. WRIGHT ET. AL., *supra*.

> The rule from which this presumption is derived–that a domicile once established continues unless and until a new one is shown by clear and convincing evidence to have been acquired–represents the conflicts of law solution to the problem of locating the domicile of an individual who clearly has pulled up stakes with the intention of abandoning his present domicile, but either has not arrived physically at a new one or has arrived but has not yet formulated an intention to remain there for the indefinite future.

*Id.; see also Loomis*, 391 F.2d at 1010 (acknowledging the presumption that a former domicile continues to exist).

When a party's domicile is in doubt, courts must utilize a totality of the circumstances, case-by-case approach, weighing a variety of relevant factors. *See* WRIGHT ET AL., *supra*. Factors frequently taken into account include: "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or

business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity." *Id.*; *see also Palermo v. Abrams*, 62 F.Supp.2d 408, 410 (D.P.R. 1999).  "No single one of these factors is dispositive, and the analysis does not focus simply on the number of contacts with the purported domicile, but also their substantive nature." *Miller v. Arbors at Gallipolis*, No. 07-1295, 2008 WL 4791294, at *2 (S.D. Ohio Oct. 31, 2008) (citing *Anderson v. City of Bessememer City*, 470 U.S. 564, 573 (1984)).  All doubts as to the existence of federal jurisdiction must be resolved against removal.  *See Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007).

## IV.   ANALYSIS

Ford says Collins is domiciled in Michigan; Collins claims he is domiciled in California or Texas.  Because Collins says he was a domiciliary of either California or Texas when the Complaint was both filed and removed, the Court must examine Collins' ties to both states in relation to his ties to Michigan.  As explained below, the Court agrees with Ford; the case must be remanded to state court for lack of federal subject matter jurisdiction.

### A.   Was Collins Domiciled in California or Michigan?

Collins has the burden to show by a preponderance of the evidence that his domicile remained in California despite his May 2011 move to Michigan.  Collins lived and worked in California for four years before he placed his California home on the market in April 2011.  He moved to Michigan in May 2011.  Collins argues that he only became a temporary resident of Michigan because he was employed by Ford, at that his domicile never changed from California.  He cites *Messick v. Southern Pa. Bus Co.*,

59 F.Supp. 799, 800 (E.D. Pa. 1945) for the proposition that "[a] change in residence for the purpose of seeking employment or for the convenience in working conditions does not, without more, indicate a change in domicile."

The record establishes that Collins' domicile changed from California to Michigan when he relocated to Michigan to work for Ford. Collins put his California home on the market and moved his entire family into a home in Lake Isabella, Michigan. While he never obtained a Michigan driver's license, he does not establish that he had a California license and Ford claims he had a Georgia driver's license. Collins emphasizes that he never changed any financial accounts; however, these were national accounts. Collins bought a home in Birmingham and moved to Michigan for a job, the terms of which suggest, the job was meant to be more than temporary. (*See* Doc. # 14 at 4). While Collins was registered to vote, and did vote, in California once in 2010, he did not vote there in 2011.

These facts are different from those in *Stacey v. ZF Lemforder*, No. 05-cv-72777-DT, 2007 WL 439045, at *3-*4 (E.D. Mich. Feb. 6, 2007), on which Collins relies for support. There, the Court held the plaintiff was a citizen of Florida despite moving to Michigan for work. However, the plaintiff in *Stacey* never sold his home in Florida and the court found that his activities in Michigan were related solely to his employment. *Id.* at *3. On the other hand, Collins put his California home on the market when he moved to Michigan, moved his family with him, and enrolled his child in school in Michigan. It does not appear that Collins intended to return to California; rather, in short order, he began initiating a move to Texas.

These facts convince the Court that Collins was not domiciled in California as of

November 10 (or 14), 2011.  Collins resided and was physically present in Michigan after he left California; he did not intend to return to California; and  the record establishes that he intended to remain in Michigan indefinitely for an extremely lucrative position at Ford.

**B.    Is Collins Domiciled in Michigan or Texas?**

Collins' alternative argument is that his domicile changed from Michigan to Texas before Ford filed suit.  To establish a change in domicile, Collins carries the burden to show two things by clear and convincing evidence: (1) he took up residence in Texas on or before November 10 and (2) he intends to remain there.  *Napletana*, 385 F.2d at 872-73 ("To [change domicile] two elements are necessary.  He must take up residence at the new domicile, and he must intend to remain there.").  "Neither the physical presence nor the intention to remain is alone sufficient."  *Id.* at 873.

The Court need not evaluate Collins' intent to remain in Texas; Collins does not meet his burden to show by clear and convincing evidence that he resided or was physically present in Texas at the relevant times.

First, the record shows that Collins had not yet purchased a home (or signed a lease to rent one) in Texas when the Complaint was filed.  While he claims to have entered into an oral agreement to lease a home in Bellaire, Texas on November 7, 2011, the exhibits attached to his Affidavit reveal his lease offer was not approved until November 15, 2011 and the house will not be ready for him to move into until December 1, 2011.  (Doc. # 13, Ex. Aff. of Martin E. Collins).  The Affidavit provides no information about when Collins plans to actually move to Texas, when he plans to move his family, and when he plans to move his personal belongings.  Regardless, none of these things

6

had happened on or before November 10 and November 14, 2011, the only dates the Court is concerned with.

Collins makes much of the fact that he clearly intended to move to Texas prior to November 10, evidenced by his termination from employment with Ford on November 2, his contact with a Houston-area realtor on November 3, his acceptance of a position with The Friedkin Group on November 5, his trip to Houston on November 6, his oral agreement to lease the Bellaire residence on November 7, and his purchase of airline tickets for himself and his wife on November 10 to finalize the lease and arrange to enroll their oldest son in school in Texas.  However, none of this matters in light of his failure to take up residence in Texas on or before November 10, 2011.  *See, e.g.*, *Miller*, 2008 WL 4791294, at *1 (to establish a new domicile, an individual must *both* reside in the new domicile and intend to stay there; *both of these factors must be met and either one without the other is insufficient*).  While all of this was happening, Collins was merely absent from his fixed home in Lake Isabella preparing for his move.  *See id.* ("Mere absence from a fixed home, however long or continued, cannot in and of itself effect a change in domicile.").

Finally, the Court notes that Collins might have argued that while he had not moved into the Bellaire home when the Complaint was filed and removed, he was physically present in Texas on both occasions.  Assuming *arguendo* that this is all that is required, *see, e.g.*, *Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991) ("At the time this lawsuit was filed, Havelock-Heinz was still in transit to North Carolina, *i.e.*, she was not present in that state.  Therefore, she has not met the physical presence requirement for establishing a new domicile, as of the time this action was

7

commenced."), Collins is silent as to his whereabouts on November 10 and 14.  On the other hand, the Affidavit furnished by Ford from its investigator demonstrates that when the investigator attempted to serve Collins with a copy of the Complaint on November 12 and 13 in Michigan, he was given information from persons answering the door that Collins was staying at the Lake Isabella home, but simply not there when service was attempted.  Collins only says that since November 6, he has traveled to Texas to finalize employment documents and has been in Michigan only to meet with his attorneys and visit his family.  This is insufficient to meet the burden to show presence in the new domicile on the date the complaint was filed and on the date of removal by clear and convincing evidence.

## V.    CONCLUSION

Collins fails to meet his burden to show that he was a citizen of California or Texas on the dates in question.  Therefore, he fails to establish diversity jurisdiction.

The Court **GRANTS** Ford's Motion to Remand and **REMANDS** the case to state court.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 23, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 23, 2011.

S/Linda Vertriest
Deputy Clerk